## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Civil Action No. 22-cv-01421 (NEB-JFD)

MARTIN JAMES TIRRELL,

      PETITIONER,

v.

FPC DULUTH WARDEN B. EISCHEN,

      RESPONDENT.

---

## DECLARATION OF DEBORAH COLSTON

---

I, Deborah Colston, do hereby declare and state as follows:

1.      I am employed by the United States Department of Justice (DOJ), Federal Bureau of Prisons (BOP) as a Correctional Programs Specialist at the Designation and Sentence Computation Center (DSCC) located in Grand Prairie, Texas. I have worked for the Bureau of Prisons since January 1996. I have worked in the area of inmate sentence computations since August 2006. I worked as a Management Analyst from November 1, 2015, to September 22, 2021. I have been employed as a Correctional Programs Specialist since September 23, 2021.

2.      My duties include providing litigation assistance to the United States Attorney's Office in cases where federal inmates challenge their sentence computations, which includes auditing and reviewing such computations. As part of my duties, I have access to documents and electronic data kept by the BOP. These records are made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of the

1

relevant matters. I have reviewed the sentence computation for Petitioner, and in doing so have reviewed all pertinent Bureau records. I certify that the attachments referenced herein are true and accurate copies of records kept in the regular course of business of the FBOP.

3. I am aware Martin Tirrell, Register No. 19011-030, has filed a petition for habeas corpus challenging the Bureau of Prison's calculation of his sentence. Specifically, he alleges the Federal Bureau of Prisons has wrongly computed his earned good conduct time credit. I have audited his sentence computation.

4. Petitioner is serving a 41-month term of imprisonment imposed by Judge Reade of the United States Southern District Court of Iowa, for Mail Fraud, in violation of 18 U.S.C. § 1341. See Public Information Inmate Data as of 06-06-2022, for Martin Tirrell, Register No. 19011-030, at 2, a true and correct copy of which is attached as Exhibit A to this declaration. has a projected release date of December 30, 2023, via GCT release and a projected release date of August 2, 2023, with applied FTC credits. See id. at 1.

5. On February 13, 2019, a review of records indicates Petitioner was arrested by federal authorities, the United States Marshal Service (USMS)for pending charges in federal Case No. 4:19-CR-00005-001. Petitioner remained in continuous federal custody. See USMS Prisoner Tracking System, a true and correct copy of which is attached as Exhibit B to this declaration.

6. Petitioner was released from custody on February 21, 2019, via bond to pretrial supervision. See Exhibit B.

7. On February 13, 2020, Petitioner was arrested by state authorities in Massachusetts for Larceny Over $1,200 by False Pretenses, Case Nos. 1741CR000839A and

1817CR001193A (pending). <u>See</u> Franklin County Sheriff's Office, Inmate Booking Release Report, a true and correct copy of which is attached as Exhibit C to this declaration.

8.      Petitioner was released from state custody on February 27, 2020, via bond. <u>See</u> Exhibit C.

9.      On January 20, 2021, the United States District Court for the Southern District of Iowa, sentenced Petitioner to a 41-month term of imprisonment for Mail Fraud, Case No. 4:19-CR-0005-001. The Court ordered the Petitioner to volunteer surrender to his designated facility as directed by the Bureau of Prisons. <u>See</u> Judgement and Commitment, Case No. 19-CR-00005-001, a true and correct copy of which is attached as Exhibit D to this declaration.

10.     On January 21, 2021, the Trial Court of Massachusetts, The Greenfield District Court nolle prosequi charges in Case No. 1741CR000839A. <u>See</u> Trial Court of Massachusetts, The Greenfield District Court, Judgment, Case No. 1741CR000839A, a true and correct copy of which is attached as Exhibit E to this declaration.

11.     Charges were dismissed in Case No. 1741CR000839A on July 7, 2021, by the Trial Court of Massachusetts, The Holyoke District Court. <u>See</u> Trial Court of Massachusetts, The Greenfield District Court, Judgment, Case No. 1741CR000839A, a true and correct copy of which is attached as Exhibit F to this declaration.

12.     Pursuant to Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, and 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." <u>See</u> Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984).</u> at 1-12, a true and correct excerpted copy of which is attached as Exhibit G to this declaration.

13.     Therefore, the Bureau has determined that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." See Exhibit G at 1-13.

14.     Under Program Statement 5880.28 and 18 U.S.C. § 3585(b), a defendant is entitled to credit toward the service of a term of imprisonment for any time he has spent in "official detention" before the commencement of his current sentence: (1) "as a result of the offense for which the sentence was imposed;" or (2) "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." A defendant is entitled to credit toward the service of a term of imprisonment for any time he has spent in "official detention" before the commencement of his current sentence. See Exhibit D at 1-14. Further, Program Statement 5880.28 and 18 U.S.C. § 3585(b) preclude the application of credit for time that has been credited against another sentence, or for time spent in the service of another sentence. See id.

15.     Pursuant to Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), "[T]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for the 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." See Exhibit G at 1-20B.

16.     Further, under the First Step Act of 2018 (FSA) and the amended version of 18 U.S.C. § 3624(b)(1), good conduct time (GCT) is applied as a credit of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional regulations. GCT vests on the date the inmate is released from custody. See 18 U.S.C. § 3624(b)(2).

4

17.     GCT is tracked on an inmate's sentence computation as "Total GCT Earned and Projected" and "Total GCT Earned." The "Total GCT Earned and Projected" amount represents the total possible amount of GCT the inmate can earn on his sentence less any GCT he has lost as the result of disciplinary sanctions. This projection is taken into account in setting the "Statutory Release Date Projected" and in the "Percentage of Statutory Term Served." The "Total GCT Earned" represents the actual amount of GCT the inmate has earned as of the date the sentence computation is run in Sentry.

18.     A sentence computation was then completed for Petitioner, commencing the federal sentence on the  date he voluntarily surrendered to his designated facility, February 26, 2021. See Exhibit A at 2. Petitioner is earning 54-days of GCT and projected to earn 184 days. See id. at 3.

19.     Petitioner received a total of 24 days of prior custody credit from February 13, 2019, through February 21, 2019, and February 13, 2020, through February 27, 2020. See Exhibit A at 3.

20.     As of June 6, 2022, Petitioner is earning 54-days of GCT per year of his term of imprisonment and projected to earn 184 days of GCT on his 41-month sentence. See id. at 3. Taking this total GCT projection, he served 46.1% of his statutory term as of June 15, 2022. Id.

21.     Petitioner's sentence computation currently includes 150 days of First Step Act time credits. See Exhibit A at 3.

22.     Petitioner's projected release date is August 2, 2023, via a First Step Act release. See Exhibit A at 1.

I declare under penalty of perjury pursuant to 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this_27th__day of July, 2022.

Deborah Colston, Correctional Programs Specialist
Designation and Sentence Computation Center
Grand Prairie, Texas