UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARTIN JAMES TIRRELL, | Case No. 22-CV-1421 (NEB/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. EISCHEN<br>*FPC-Duluth Warden*, | |
| Respondent. | |

This matter is before the Court on Martin Tirrell's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet. 1, Dkt. No. 1.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Because it appears that Mr. Tirrell has been released, the case does not present a "case or controversy" within the meaning of Article III of the U.S. Constitution and the undersigned recommends that the petition be denied as moot. *See, e.g.*, *Newton v. Barnes*, No. 19-CV-1037 (ECT/ECW), 2019 WL 2743712, at *1 (D. Minn. July 1, 2019).

## I. BACKGROUND

While he was serving a 41-month prison sentence in the Federal Prison Camp in Duluth, Mr. Tirrell filed a petition for habeas corpus claiming that the Bureau of Prisons ("BOP") failed to calculate or apply the time credits he had earned under the First Step

Act[1] ("FSA") to his sentence. (Pet. 1–2; Pet. Ex. 1, Dkt. No. 1-1; Declaration of Deborah Colston ¶ 4, Dkt. No. 11.) This failure, he alleged, was preventing him from meeting the criteria for early release under the CARES Act[2] or the Second Chance Act[3] (Pet. 2, 6–7.)

---

[1] The FSA allows certain inmates the chance to reduce the percentage of their sentence that they must serve in prison by participating in programs designed to reduce recidivism. For successfully completing evidence-based recidivism reduction programming or productive activities, eligible inmates can earn FSA time credits. 18 U.S.C. § 3632(d)(4). Inmates who have earned FSA time credits can apply the credits toward time in pre-release custody (confinement to the home or a residential re-entry center) or supervised release, instead of prison. 18 U.S.C. § 3632(d)(4)(C); *see* 18 U.S.C. § 3624(g)(2) (describing types of pre-release custody); 18 U.S.C. § 3624(g) (describing supervised release). Inmates with sentences that include a period of supervised release can apply time credits to their supervised release, allowing them to start supervised release up to a year earlier than they would have otherwise. 18 U.S.C. § 3624(g)(2); *Glawe v. Rardin*, No. 22-CV-2423 (ECT/TNL), 2022 WL 17476545, at *3 (D. Minn. Nov. 10, 2022), *R&R adopted*, 2022 WL 17466287 (D. Minn. Dec. 6, 2022). Inmates can also lose FSA time credits they have already earned if they commit a disciplinary violation. 18 U.S.C. § 3632(e); 28 C.F.R. § 541.3 (listing "prohibited acts and available sanctions," including the loss of FSA time credits).

[2] In response to the COVID-19 pandemic, the CARES Act temporarily expanded BOP's authority to transfer inmates to home confinement under 18 U.S.C. § 3624(c)(2). *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *Gorski v. Starr*, No. 22-CV-2346 (WMW/TNL), 2022 WL 18135249 at *1 (D. Minn. Dec. 8, 2022), *R&R adopted*, 2023 WL 112704 (D. Minn. Jan. 5, 2023). One of the factors BOP considered in determining whether to transfer an inmate to home confinement is whether they have completed 50% of their sentence. *Gorski*, 2022 WL 18135249 at *1 (citing *Garcia v. Eischen*, No. 22-CV-444 (SRN/BRT), 2022 WL 4084185, at *1 (D. Minn. Aug. 16, 2022), *R&R adopted*, 2022 WL 4080751 (D. Minn. Sept. 6, 2022)).

[3] The Second Chance Act of 2008 increased the maximum time an inmate could serve in a pre-release residential reentry center, up to twelve months. *McCarty v. Marques*, No. 18-CV-791 (ECT/KMM), 2019 WL 302160, at *1 (D. Minn. Jan. 7, 2019), *R&R adopted*, 2019 WL 296527 (D. Minn. Jan. 23, 2019); *Khdeer v. Paul*, No. 18-CV-2112 (ECT/BRT), 2018 WL 6919637, at *1 (D. Minn. Nov. 29, 2018), *R&R adopted*, 2019 WL 79318 (D. Minn. Jan. 2, 2019). It also allowed the BOP to place inmates on home confinement for 10% of their sentence or 6 months, whichever was shorter. *United States v. Reed*, No. 18-CR-1431 (SRN/DTS), 2023 WL 2308271, at *4–5 (D. Minn. Mar. 1, 2023); *McCarty*, 2019

He argued that the BOP's inaction was unnecessarily delaying his release. (Pet. 6–7.) Apart from his FSA claim, Mr. Tirrell claimed that the Bureau of Prisons failed to apply the good time[4] credits he was earning in prison to the measure of his sentence completion. (Pet. 7.) He claimed that he had earned 184 days of good conduct time, but the BOP had only "credited 54 days" to Mr. Tirrell's "percent of statutory term served." (*Id.*) This failure, he argued, violated federal law. (Pet. 8–9.) The Court set a briefing schedule on June 14, 2022. (Order, Dkt. No. 4.) The BOP requested an extension of time to respond to the petition and the Court granted that request on July 15, extending the BOP's deadline to July 28. (Order, Dkt. No. 9.) The BOP timely filed an answer asking the Court to dismiss the petition because (1) Mr. Tirrell did not exhaust his administrative remedies, (2) the BOP already recalculated Mr. Tirrell's FSA time credits, (3) Mr. Tirrell's request to have those credits immediately applied to his sentence computation was premature, and (4) Mr. Tirrell's request to have his good conduct time credits immediately applied to his sentence

---

WL 302160, at *1. The First Step Act amended this provision to direct the BOP to place inmates with lower risk levels and needs on home confinement for the maximum allowed time, to the extent practicable. *Reed*, 2023 WL 2308271, at *4–5; *Brown v. Kallis*, No. 21-CV-920 (PJS/ECW), 2022 WL 1652933, at *9 (D. Minn. Apr. 21, 2022), *R&R adopted*, 2022 WL 1645666 (D. Minn. May 24, 2022).

[4] Inmates serving a sentence longer than one year but less than a life term can receive up to 54 days of credit (called "good conduct time") towards the service of their sentence every year after their first year if they have "displayed exemplary compliance with institutional disciplinary regulations" during the year. 18 U.S.C. § 3624(b). Inmates can lose the good time credits that they have earned as a sanction for misconduct, so the credits vest only at the time of an inmate's release. 18 U.S.C. § 3624(b)(2); 28 C.F.R. §541.3 (listing prohibited conduct and associated sanctions, including loss of good conduct time credits); *see generally Fiorito v. Fikes*, No. 22-CV-0749 (PJS/TNL), 2022 WL 16699472, at *6 (D. Minn. Nov. 3, 2022) (distinguishing good conduct time from FSA time credits).

computation was moot and premature. (Resp. to Pet. Habeas Corpus 1, Dkt. No. 10.) As part of its response, the BOP stated Mr. Tirrell was still incarcerated and his anticipated release date was December 30, 2023 on good conduct time release and August 2, 2023 when applying his FSA credits. (Colston Decl. ¶ 4.)

While preparing the Report and Recommendation for this case, the Court learned from the Federal Bureau of Prisons Inmate Locator that Mr. Tirrell was released on January 9, 2023. *Find an Inmate*, Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last accessed May 11, 2023); *see also Tejado-Hurtado v. Fikes*, No. 21-CV-2766 (JRT/LIB), 2022 WL 2910006, at *1 (D. Minn. May 26, 2022), *R&R adopted*, 2022 WL 2906199 (D. Minn. July 22, 2022) (taking judicial notice of release based on the Federal Bureau of Prisons Inmate Locator and citing cases doing the same); *Newton*, 2019 WL 2743712, at *1 (taking judicial notice of inmate locator information). This development required the Court to reassess whether subject matter jurisdiction existed in this case.

## II.   ANALYSIS

Article III of the Constitution limits the jurisdiction of the federal courts to "cases" and "controversies." U.S. Const. art. III, § 2. A case is considered moot when a court can no longer grant relief because of "the passage of time or a change in circumstances." *Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1371 (8th Cir. 2022), *cert. denied*, 143 S. Ct. 574 (2023) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc)). When a case becomes moot, there is no longer a case or controversy, and the court must dismiss it. *Id. Newton*, 2019 WL 2743712, at *1; *Albarez v. Marques*, No. 18-CV-3128 (PJS/LIB), 2019 WL 2648032, at *2 (D. Minn. June 4, 2019), *R&R adopted*, 2019 WL

2644257 (D. Minn. June 27, 2019); *Parish v. Marques*, No. 19-CV-1038 (NEB/TNL), 2019 WL 5654047, at *2 (D. Minn. Sept. 13, 2019), *R&R adopted*, 2019 WL 5624485 (D. Minn. Oct. 31, 2019).

Mr. Tirrell's case is now moot because his release ended the controversy about whether the BOP was properly calculating the portion of his sentence he had to spend in prison. *Tejado-Hurtado*, 2022 WL 2910006, at *3 (recommending dismissal of habeas petition which sought restoration of good time credits lost due to discipline after petitioner was released); *Parish*, 2019 WL 5654047, at *2 (recommending dismissal of habeas petition seeking earlier release to residential re-entry center after petitioner was transferred to one); *Albarez,* 2019 WL 2648032, at *3 (same). Mr. Tirrell filed his action so that he could take advantage of certain programs that would allow him to leave prison, and he is no longer in prison. Mr. Tirrell's case is moot, and it must be dismissed unless it falls within one of the four exceptions to the mootness doctrine:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Parish,* 2019 WL 5654047, at *3 (D. Minn. Sept. 13, 2019) (quoting *Sayonkon v. Beniecke*, No. 12-CV-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012)). Mr. Tirrell's case does not fall within any of these exceptions. First, Mr. Tirrell challenged only the duration of his confinement as calculated by the BOP, not his conviction. (Pet. 2.) Any collateral consequences he experiences on supervised release will stem from his conviction, not from any alleged miscalculation of the BOP. *See Tejado-Hurtado*, 2022

5

WL 2910006, at *3; *Parish*, 2019 WL 5654047, at *3; *Newton*, 2019 WL 2743712, at *1. Second, the wrong Mr. Tirrell alleges is not capable of repetition yet evading review because he will not return to prison unless he violates the conditions of his supervised release or commits another crime. If he does either of those things and finds himself in prison again, any alleged BOP miscalculations will arise out of different facts than those presented here. *See Tejado-Hurtado*, 2022 WL 2910006, at *3 (finding petitioner's supervised release status irrelevant to the mootness analysis); *Parish*, 2019 WL 5654047, at *3; *Newton*, 2019 WL 2743712, at *1. For the same reason, the BOP is not "free to resume" the allegedly illegal actions Mr. Tirrell ascribes to it. There is also no evidence to suggest that the BOP released Mr. Tirrell early to avoid judicial review. *See Parish*, 2019 WL 5654047, at *3; *Newton*, 2019 WL 2743712, at *1. Finally, Mr. Tirrell's case is not a certified class action.

None of the exceptions to the mootness doctrine apply, so this Court does not have jurisdiction to decide the questions Mr. Tirrell's case puts before it. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("Federal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinion[s] advising what the law would be upon a hypothetical state of facts" (internal quotation marks omitted)). To decide those questions would be to issue an advisory opinion, which the Court may not do. *Hawse v. Page*, 7 F.4th 685, 694 (8th Cir. 2021) (noting that mootness doctrine ensures "that federal courts will decide only concrete disputes and will refrain from publishing advisory opinions or judicial essays on issues of the day"); *Albarez*, 2019 WL 2648032, at *3 (also declining to issue an advisory opinion in a similar case).

### III. CONCLUSION

Mr. Tirrell's January 9, 2023 release rendered his habeas corpus petition moot. Because none of the exceptions to mootness apply, the undersigned recommends that Mr. Tirrell's petition be denied as moot. *See, e.g.*, *Newton*, 2019 WL 2743712, at *2.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Mr. Tirrell's petition be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and that judgment be entered accordingly.

Date: May 29, 2023                    *s/ John F. Docherty*
                                       JOHN F. DOCHERTY
                                       United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).